WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Faraon Robledo-Rivera,<br><br>　　　　　Petitioner,<br><br>v.<br><br>United States of America,,<br><br>　　　　　Respondent. | No. CV-13-0003-TUC-CKJ<br>No. CR-11-1303-TUC-CKJ (DTF)<br><br>**ORDER** |

Pending before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (28 U.S.C. §2255). (Doc. 1)[1]. The government filed a response on April 22, 2013. (Doc. 4). Petitioner has not filed a reply.

*Background*

On September 18, 2006, Petitioner was sentenced by the Honorable James A. Parker, presiding in the District of New Mexico, to 57 months incarceration and a 36 month term of supervised release following his conviction for illegal re-entry after deportation in violation of Title 8 U.S.C. §1326, enhanced by 8 U.S.C. §1326(b)(2). (CR-11-50149, Doc. 3). Petitioner was released from prison on November 12, 2010. *Id*. He was deported on February 15, 2011. *Id*.

On April 13, 2011, Petitioner was indicted for illegal re-entry after deportation in violation of Title 8 U.S.C. §1326, enhanced by 8 U.S.C. §1326(b)(2). (CR-11-1303,

---

[1] All document numbers reflect the number attributed to the filing in CV-13-0003, unless specified otherwise.

Doc. 5). At the time of his indictment, Petitioner was still serving his period of supervised release from his prior conviction. On May 18, 2011, defense counsel moved for a preliminary pre-sentence investigation report. (CR-11-1303, Doc. 12). Magistrate Judge D. Thomas Ferraro granted defense counsel's motion and ordered the U.S. Probation Office to prepare a report and provide it to defense counsel by June 18, 2011. (CR-11-1303, Doc. 13).

On June 13, 2011, the U.S. Probation Office filed a petition to revoke Defendant's supervised release. (CR-11-50149, Doc. 3). On June 14, 2011, the District of New Mexico transferred Petitioner's case for violating the terms of his supervised release to this Court. (CR-11-50149, Doc. 1). On July 25, 2011, Petitioner entered a plea of guilty to the indictment, before Magistrate Judge D. Thomas Ferraro, without the benefit of a plea agreement. (CR-11-1303, Doc. 20). Additionally, Petitioner admitted to violating the terms of his supervised release. (CR-11-50149, Doc. 13).

According to the presentence report, Petitioner's base offense level under the sentencing guidelines for a violation of 8 U.S.C. §1326 is 8. Four levels were added since Petitioner had been deported following a felony conviction. The presentence report only recommended adding 4 levels because the government had not established that Petitioner's prior conviction for robbery was a crime of violence. Two levels were then subtracted since Petitioner accepted responsibility for his actions, resulting in a total offense level of 10. Based on a total offense level 10 and a criminal history category IV, the guideline range for imprisonment is 15 to 21 months on the indictment and not more than 2 years on the violation of his supervised release.

On October 31, 2011, the government filed its objections to the presentence report. (CR-11-1303, Doc. 24). Specifically, the government objected to the 4 level enhancement applied in the presentence report. *Id*. According to the government, Petitioner's prior conviction for robbery was a crime of violence and thus, the 16 level enhancement applied. *Id*. As support for its proposition, the government attached to its filing a Judgment on a Guilty Plea, a Judgment of Conviction and Sentence of Probation,

and an Order on a Motion to Revoke Probation, which all related to Petitioner's robbery conviction.  *Id*.

Visiting Judge Stephen J. Murphy conducted a two day sentencing hearing in December 2011.  (CR-11-1303, Docs. 28, 29).  On December 2, 2011, Visiting Judge Murphy determined that the judicially noticeable documents submitted by the government with its objections to the presentence report established that Petitioner pled guilty to robbery and that his robbery conviction categorically qualified as a crime of violence warranting a 16 level enhancement.  (CR-11-1303, Doc. 39).  Petitioner was sentenced to a 63 month term of imprisonment on his plea of guilty to the indictment and 12 months for the supervised release violation with the two sentences to run concurrently.  *Id*.

On December 6, 2011, Petitioner filed a Notice of Appeal challenging the visiting judge's determination that his prior robbery conviction was a crime of violence.  (CR-CR-11-1303, Doc. 31).  On December 7, 2012, the Ninth Circuit Court of Appeals affirmed the district court's determination that Petitioner's prior robbery conviction constituted a crime of violence warranting a 16 level enhancement. .  (CR-11-1303, Doc. 44).

Then, on January 2, 2013, Petitioner filed his Motion to Vacate Set Aside or Correct Sentence by a Person in Federal Custody (28 U.S.C. §2255).  (Doc. 1).  In his motion, Petitioner asserts three grounds for relief.  First, he claims that he was denied effective assistance of counsel at sentencing; second, the Court violated his Sixth Amendment rights and failed to consider the full range of factors available during sentencing and only relied upon the sentencing guidelines; and third, the Petitioner is entitled to relief for post sentencing rehabilitation pursuant to the Supreme Court case in "*Pepper.*"  (Doc. 1).

*Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy a

- 3 -

two prong test, demonstrating: (1) deficient performance, such that counsel's actions were outside the wide range of professionally competent assistance, and (2) that Petitioner was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984).

In order to establish this, he must identify the acts or omissions that rendered the representation objectively unreasonable. *Id.* at 690. Second, he must show that he was prejudiced by his counsel's deficient performance. *Id.* at 693. If Petitioner fails to prove both elements, the Court may reject his claim upon finding that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id.* at 697. To show deficient performance, Petitioner must overcome a strong presumption that his lawyer rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

The two-part *Strickland* test applies not only to claims of ineffective assistance of counsel during trial, but also to claims of ineffective assistance during the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369-370 (1985). In claims arising out of the plea process, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's errors, the defendant would not have accepted the plea agreement. *Id.* at 58-59.

Petitioner contends that his counsel was ineffective because he failed to address the *Simmons* case as to whether Petitioner's prior offense was violent or aggravating. Petitioner did not provide the full citation or case name for the "*Simmons*" case to which he is referring. However, after reviewing Petitioner's argument, it appears that Petitioner is arguing that there was not enough proof to conclude that Petitioner's prior conviction was violent or aggravating.

It appears that Petitioner is arguing that the Sixth Amendment mandates that his prior conviction must be proved beyond a reasonable doubt in order to be permissible as a sentencing enhancement. However, Petitioner is mistaken on the law. The United

States Supreme Court has explained that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 227-228, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) *quoting Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (internal quotations omitted). Prior convictions are specifically excluded from the requirement that facts increasing the penalty for a crime beyond the statutory maximum be submitted to a jury and proved beyond a reasonable doubt.

Title 8 U.S.C. §1326(a) prohibits a previously deported alien from returning to the United States without special permission and authorizes a prison term of up to two years. *Almendarez-Torres v. United States*, 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). If the alien's prior deportation was subsequent to the conviction of a crime of violence, the prison term may increase to 20 years. *Id*. *citing* 8 U.S.C. 1326(b)(2). However, the prior conviction used to enhance the prison term is only "a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. *Id*. at 226-227. It does not define a separate crime." *Id*. As such, Petitioner's prior conviction was a sentencing enhancement that did not have to be alleged or proved at trial. *See United States v. Bustos-Ochoa*, 704 F.3d 1053, 1057 (9th Cir. 2012).

The district court concluded that Petitioner's prior conviction for robbery constituted a crime of violence.[2] Petitioner appealed the district court's sentence and the Ninth Circuit Court of Appeals affirmed the district court's determination that Petitioner's prior conviction for robbery constituted a crime of violence. The U.S. Sentencing Guidelines Manual §2L1.2(b)(1)(A), provides that a defendant charged with unlawfully entering the United States will have his base offense level increased by 16

---

[2] Visiting Judge Stephen J. Murphy concluded that Petitioner's prior state conviction for robbery categorically constituted a crime of violence because robbery in itself requires a violent component, the U.S. Sentencing Guidelines define a state conviction for robbery as a crime of violence, s*ee* U.S. Sentencing Guidelines Manual §2L1.2 cmt. n.1(B)(iii), and there is only one statute in the State of Kentucky for Robbery II, which includes as an element, the taking of property by force. (CR-11-1303, Doc. 39).

levels if he was previously deported following a felony conviction for a "crime of violence."   U.S. Sentencing Guidelines Manual §2L1.2(b)(1)(A)(ii).

Further, to the extent that Petitioner contends that his counsel failed to object to the 16 level enhancement, Petitioner is mistaken.  The record establishes that Petitioner's counsel objected to the 16 level enhancement at the time of sentencing.  As such, Petitioner has failed to establish he received ineffective assistance of counsel at sentencing.

*Sixth Amendment Violation*

Petitioner argues that the Court's sentence was unlawful and in violation of his Sixth Amendment rights.  As support for his argument, Petitioner contends that pursuant to the *Apprendi*, *Ring*, and *Booker* line of cases, his prior conviction, which increased the statutory punishment had to have been presented to a jury and proven beyond a reasonable doubt.  Petitioner further argues that the district court failed to consider the full range of factors available to the district court and relied solely on the sentencing guidelines.

The government argues that this claim is barred because he failed to raise these issues on his direct appeal.  The Mandate from the Ninth Circuit Court of Appeals indicates that Petitioner appealed his sentence and argued that the district court erred when it determined that his prior conviction for robbery was a crime of violence.  This argument was rejected by the Ninth Circuit Court of Appeals and Petitioner's sentence was affirmed.  Petitioner however, did not raise his Sixth Amendment claim or guidelines claim before the Ninth Circuit Court of Appeals in his direct appeal.  "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error."  *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) *citing United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982).  "Section 2255 is not designed to provide criminal defendants repeated

opportunities to overturn their convictions on grounds which could have been raised on direct appeal." *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985).

However, even if Petitioner's Sixth Amendment and guidelines claim is not procedurally barred from being raised in his §2255 petition, it is denied by this Court. Title 8 U.S.C. §1326(b)(2) is a penalty provision, which only permits a court to increase the sentence for a recidivist. *United States v. Beng-Salazar*, 452 F.3d 1088, 1091 (9th Cir. 2006). "The fact of a prior conviction need not be proven to a jury beyond a reasonable doubt. *United States v. Beltran-Munguia*, 489 F.3d 1042, 1052 (9th Cir. 2007) *citing Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Further, district courts "may find the fact of a prior conviction including facts about that conviction apparent from the face of the cognizable documents-to enhance a sentence." *Beltran-Munguia*, 489 F.3d. at 1052. In this case, the court reviewed the documents provided by the government, which evidenced Petitioner's prior conviction for robbery. The district court then analyzed his prior robbery conviction and concluded for multiple reasons that it was categorically a crime of violence. As such, the district court did not violate Petitioner's Sixth Amendment rights when it found that Petitioner had been removed following his conviction for a crime of violence. *See Id*.

Further, the district court considered a wide range of factors in determining Petitioner's sentence including his criminal history, his background, his previous sentences and the rationality in imposing a higher sentence based upon his present conviction for illegal reentry after deportation. After evaluating these factors, the district court sentenced Petitioner to 63 months of incarceration, which was at the low end of the advisory sentencing guideline range. The district court further sentenced Petitioner to 12 months of incarceration for violating the terms of his supervised release and ordered that his sentences should run concurrently. As such, the district court did consider a full range of factors in sentencing Petitioner.

*Post Sentence Rehabilitation*

Petitioner argues that pursuant to the Supreme Court ruling in "*Pepper*," he is entitled to relief for post sentence rehabilitation. In support of this argument, Petitioner has attached to his petition documents relating to his programming and completions. He asks the Court for some type of relief. While Petitioner does not provide the complete citation for the Supreme Court case he cites as authority for his proposition, a recent Supreme Court case, *Pepper v. United States*, addressed the issue of post-sentence rehabilitation in the calculation of a defendant's resentencing. *Pepper v. United States*, __U.S.__, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011).

However, *Pepper v. United States* is distinguishable from Petitioner's situation. In *Pepper*, the Supreme Court held that after a defendant's sentence is set aside on appeal, at the resentencing, the district court may consider evidence of defendant's post-sentencing rehabilitation in consideration of a downward variance from the advisory Federal Sentencing Guidelines range. Further, the district court does not have to apply the same percentage departure from the Guidelines range for substantial assistance, as had been applied at the prior sentencing. *Id*. at 1236.

In this case, Petitioner's appeal was denied and his sentence has not been set aside. Accordingly, the potential relief applied by the Supreme Court in *Pepper* is inapplicable to the Petitioner's situation.

*Certificate of Appealability*

Rule 11(a), Rules Governing Section 2255 Proceedings, requires that in habeas cases the "district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

In this case, the Court finds that jurists of reason would not find the resolution of Petitioner's claims alleging ineffective assistance of counsel, violation of his Sixth Amendment rights, or the application of the Supreme Court's ruling in *Pepper* debatable.

Accordingly, IT IS ORDERED:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 U.S.C. §2255) (Doc. 45 in CR-11-1303-CKJ) is DENIED and the civil action opened in connection with this Motion (CV-13-003-CKJ) is dismissed with prejudice.

2. The Clerk of Court must enter judgment accordingly and shall then close its file in Case No. CV 13-303.

3. A Certificate of Appealability shall not be issued.

Dated this 3rd day of June, 2013.

_____
Cindy K. Jorgenson
United States District Judge